## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.

JOHNSON CONTROLS, INC. and
MANPOWERGROUP US, INC.,

        Defendants.

Case No.:  5:19-cv-00904-F

Jury Trial Demanded

## DEFENDANT JOHNSON CONTROLS, INC'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Johnson Controls, Inc. ("Defendant," or "JCI"), for its answer and defenses to the Amended Complaint [Doc. No. 17] ("Complaint") filed by Plaintiff, Equal Employment Opportunity Commission ("EEOC"), in the United States District Court for the Western District of Oklahoma, states as follows to the corresponding paragraphs in the Complaint. Each allegation in the Complaint is denied unless expressly admitted in this Answer.

## NATURE OF ACTION

This section contains a narrative of legal assertions and a conclusory summary of allegations pertaining to the lawsuit brought by Plaintiff.  As to the legal assertions, no response is required.  As to the remaining conclusory summary of allegations, such allegations are denied.

## JURISDICTION & VENUE

1.      JCI does not object to this Court's exercise of original jurisdiction in this case.

2.      Paragraph 2 contains a legal assertion to which a response is not required. To the extent a response is required, JCI acknowledges that Plaintiff attempts to allege violations of Title VII of the Civil Rights Act of 1964 and Section 103 of the Civil Rights Act of 1991, but it wholly denies any wrongdoing.

3.      JCI does not object to venue in this action.

## PARTIES

4.      Paragraph 4 contains legal assertions to which a response is not required.

5.      Admitted.

6.      JCI lacks sufficient information to either admit or deny the allegations in Paragraph 6, and therefore denies the same.

7.      Admitted as to JCI. JCI lacks sufficient information to either admit or deny on behalf of Defendant Manpowergroup ("Manpower"), and therefore denies the same.

8.      Paragraph 8 contains legal assertions to which a response is not required.

## ADMINISTRATIVE PROCEDURES

9.      JCI admits that Plaintiff filed a charge of discrimination, which alleged violations of Title VII, thirty days prior to this lawsuit.

10.     Admitted.

11.     Admitted.

12.    JCI admits that in the letter referenced in Paragraph 11, the Equal Employment Opportunity Commission sought to engage in informal conciliation. JCI wholly denies the allegations contained in this letter and further denies any wrongdoing.

13.    JCI admits that it engaged in a good-faith effort of conciliation with the EEOC regarding Ms. Stafford's EEOC Charge No. 564-2018-01737. JCI wholly denies any wrongdoing.

14.    JCI admits that conciliation was unsuccessful.

15.    Admitted.

16.    Paragraph 16 contains legal assertions to which a response is not required.

17.    The assertions in Paragraph 17 do not relate to JCI.

18.    The assertions in Paragraph 18 do not relate to JCI.

19.    The assertions in Paragraph 19 do not relate to JCI.

20.    The assertions in Paragraph 20 do not relate to JCI.

21.    The assertions in Paragraph 21 do not relate to JCI.

22.    The assertions in Paragraph 22 do not relate to JCI.

23.    The assertions in Paragraph 23 do not relate to JCI.

24.    The assertions in Paragraph 24 do not relate to JCI.

## STATEMENT OF FACTS

25.    JCI admits that Ms. Stafford was assigned to JCI in June 2017 through a temporary agency.

26.    JCI admits that it entered into a contract in April 2018 with Manpower for staffing services. JCI further admits that some temporary employees supplied by

Manpower have been hired as full time JCI employees at the conclusion of their staffing contract period. Except as expressly admitted herein, the allegations contained in Paragraph 26 are denied.

27.    Paragraph 27 contains legal assertions to which a response is not required. To the extent a response is required, JCI denies the allegations.

28.    JCI admits that it determines the work hours and daily schedule of temporary workers assigned to JCI's facility.

29.    JCI admits that it has some involvement in the process involving leave requests and requests for schedule adjustments made by temporary workers. Except as expressly admitted herein, JCI denies the remaining allegations in Paragraph 29.

30.    JCI admits that it requests the placement of temporary workers by Manpower and informs Manpower about concerns that may arise with respect to workers staffed by Manpower at JCI. Except as expressly admitted herein, JCI denies the remaining allegations in Paragraph 30.

31.    JCI admits that Manpower can choose not to follow JCI's recommendation. Except as expressly admitted herein, JCI denies the remaining allegations in Paragraph 31.

32.    Admitted.

33.    Denied.

34.    Denied.

35.    JCI admits that Mr. McClurkin was the highest-ranking Manpower official onsite at JCI during the relevant time period. JCI lacks sufficient information to either admit or deny the remaining allegations in Paragraph 35, and therefore denies the same.

4

36.     The assertions in Paragraph 36 do not relate to JCI.

37.     The assertions in Paragraph 37 do not relate to JCI.

38.     Admitted.

39.     The assertions in Paragraph 39 do not relate to JCI.

40.     The assertions in Paragraph 40 do not relate to JCI.

41.     Admitted.

42.     Admitted.

43.     JCI lacks sufficient information to either admit or deny the allegations in Paragraph 43, and therefore denies the same.

44.     JCI lacks sufficient information to either admit or deny the allegations in Paragraph 44, and therefore denies the same.

45.     JCI lacks sufficient information to either admit or deny the allegations in Paragraph 45, and therefore denies the same.

46.     JCI lacks sufficient information to either admit or deny the allegations in Paragraph 46, and therefore denies the same.

47.     JCI lacks sufficient information to either admit or deny the allegations in Paragraph 47, and therefore denies the same.

48.     JCI admits only that in or around late May 2018, Ms. Stafford approached Mr. Claunch and made a general, non-specific complaint about Mr. Keovixay. JCI further admits that Mr. Claunch addressed Ms. Stafford's complaint with Mr. Keovixay. The remaining allegations in Paragraph 48 are denied.

49.    JCI lacks sufficient information to either admit or deny the allegations in Paragraph 49, and therefore denies the same.

50.    JCI lacks sufficient information to either admit or deny the allegations in Paragraph 50, and therefore denies the same.

51.    JCI admits that Ms. Stafford made a general, non-specific complaint about Mr. Keovixay to Mr. McClurkin. Except as expressly admitted herein, JCI lacks sufficient information to either admit or deny the allegations in Paragraph 51, and therefore denies the same.

52.    JCI admits that Mr. McClurkin asked Ms. Stafford to provide a written statement detailing her complaint. Except as expressly admitted herein, JCI lacks sufficient information to either admit or deny the allegations in Paragraph 52, and therefore denies the same.

53.    JCI admits that Ms. Stafford approached Mr. Lewis to request that she be moved away from Mr. Keoxivay on the basis of his "being lazy" and "messing around," and that if she was not moved, she might resort to physical violence. Except as expressly admitted herein, JCI lacks sufficient information to either admit or deny the allegations in Paragraph 53, and therefore denies the same.

54.    JCI denies that Mr. Lewis did not ask Stafford why she wished to be moved. JCI further denies that Mr. Lewis did not grant Stafford's request to be moved to a different location on the line. JCI lacks sufficient information to either admit or deny the remaining allegations in Paragraph 54, and therefore denies the same.

55.    The allegations in Paragraph 55 do not relate to JCI.

56.     JCI lacks sufficient information to either admit or deny the allegations in Paragraph 56, and therefore denies the same

57.     JCI admits that Ms. Stafford was moved to a different work area at her request. Except as expressly admitted herein, JCI lacks sufficient information to either admit or deny the remaining allegations in Paragraph 57, and therefore denies the same.

58.     JCI admits that for the remainder of Ms. Stafford's shift on June 7, 2018, following her initial complaints regarding Mr. Keovixay and her subsequent relocation, she brought no other complaints to JCI's attention.

59.     JCI admits that on June 9, 2018, Ms. Stafford requested to return to her former line (work area) to provide assistance. Except as expressly admitted herein, JCI lacks sufficient information to either admit or deny the remaining allegations in Paragraph 59, and therefore denies the same.

60.     JCI admits that Ms. Stafford reported concerns regarding Mr. Keovixay to Mr. Drywater. Except as expressly admitted herein, JCI lacks sufficient information to either admit or deny the remaining allegations in Paragraph 60, and therefore denies the same.

61.     JCI admits that a conversation occurred between a male JCI coworker and Mr. Keovixay related to Ms. Stafford. Except as expressly admitted herein, JCI lacks sufficient information to either admit or deny the allegations in Paragraph 61, and therefore denies the same.

62.     JCI admits that Mr. Keovixay reported to Mr. Lewis that a male coworker, Mr. Benford, had threatened him. Except as expressly admitted herein, JCI lacks sufficient

information to either admit or deny the allegations in Paragraph 62, and therefore denies the same.

63.    JCI admits that following the incident alleged in Paragraph 63, Mr. Lewis sent Mr. Keovixay, Mr. Benford, and Ms. Stafford home and collected statements from Mr. Keovixay and Ms. Stafford before they left. Except as expressly admitted herein, JCI denies the remaining allegations in Paragraph 63.

64.    JCI lacks sufficient information to either admit or deny the allegations in Paragraph 64, and therefore denies the same.

65.    JCI admits that in her June 9, 2018 statement, Ms. Stafford—for the first time to any JCI employee's knowledge—made allegations consistent with the allegations contained in Paragraph 65.

66.    JCI admits only that Ms. Kearns reviewed the statements referenced in Paragraph 63 of the Amended Complaint and conducted additional interviews. Except as expressly admitted herein, JCI lacks sufficient information to either admit or deny the allegations contained in Paragraph 66, and therefore denies the same.

67.    JCI admits that Ms. Kearns did not interview Ms. Stafford because Ms. Stafford was not a JCI employee. Except as expressly admitted herein, JCI lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 67 of the Amended Complaint, and therefore denies the same.

68.    Admitted.

69.    JCI admits that Ms. Kearns communicated to Mr. McClurkin JCI's concerns about Ms. Stafford.

70.    JCI admits that Mr. McClurkin had the ability to oppose Ms. Kearns' recommendation.

71.    JCI lacks sufficient information to either admit or deny the allegations in Paragraph 71, and therefore denies the same.

72.    JCI lacks sufficient information to either admit or deny the allegations in Paragraph 72, and therefore denies the same.

73.    Denied.

74.    Admitted.

75.    JCI lacks sufficient information to either admit or deny the allegations in Paragraph 75, and therefore denies the same.

76.    JCI admits that Mr. McClurkin informed Ms. Stafford that her then assignment at JCI was terminated. Except as expressly admitted herein, the remaining allegations in Paragraph 76 are denied.

77.    JCI denies that it ended Stafford's employment as Stafford was not its employee.

78.    JCI lacks sufficient information to either admit or deny the allegations in Paragraph 78, and therefore denies the same.

79.    The allegations in Paragraph 79 are legal assertions to which no response is required.

80.    JCI admits that no disciplinary action was taken against Mr. Benford and Mr. Benford returned to work on his next regularly scheduled shift. Except as expressly

admitted herein, JCI lacks sufficient information to either admit or deny the allegations in Paragraph 80, and therefore denies the same.

81.    JCI admits that it did not pay Ms. Stafford for the time she was sent home as JCI was not her employer. Except as expressly admitted herein, JCI lacks sufficient information to either admit or deny the allegations in Paragraph 81, and therefore denies the same.

82.    JCI lacks sufficient information to either admit or deny the allegations in Paragraph 82, and therefore denies the same.

83.    JCI lacks sufficient information to either admit or deny the allegations in Paragraph 83, and therefore denies the same.

84.    JCI lacks sufficient information to either admit or deny the allegations in Paragraph 84, and therefore denies the same.

## **STATEMENT OF CLAIMS**

### **COUNT I**

#### **(Title VII – Sexual Harassment)**

85.    Paragraph 85 does not relate to JCI.

86.    JCI herein incorporates its responses to the respective paragraphs above.

87.    Count I does not relate to JCI.

88.    Count I does not relate to JCI.

89.    Count I does not relate to JCI.

90.    Count I does not relate to JCI.

91.    Count I does not relate to JCI.

92.    Count I does not relate to JCI.

93.    Count I does not relate to JCI.

94.    Count I does not relate to JCI.

## COUNT II

### Title VII - Retaliation

95.    JCI admits that Plaintiff attempts to assert Count II against it, but wholly denies any wrongdoing.

96.    JCI herein incorporates its responses to the respective paragraphs above.

97.    Paragraph 97 contains legal assertions to which a response is not required. To the extent a response is required, JCI lacks sufficient information to either admit or deny the allegations in Paragraph 97, and therefore denies the same.

98.    Denied.

99.    JCI lacks sufficient information to admit or deny the allegations in Paragraph 99, and therefore denies the same.

100.    Denied.

101.    Paragraph 101 contains legal assertions to which a response is not required. To the extent a response is required, JCI lacks sufficient information to either admit or deny the allegations in Paragraph 101, and therefore denies the same.

102.    Paragraph 102 contains legal assertions to which a response is not required. To the extent a response is required, JCI lacks sufficient information to either admit or deny the allegations in Paragraph 102, and therefore denies the same.

103.    Denied.

## COUNT III

### (Title VII – Sex Discrimination)

104.    JCI admits only that Plaintiff attempts to assert Count III against it, but wholly denies any wrongdoing.

105.    JCI herein incorporates its responses to the respective paragraphs above.

106.    JCI admits in part and denies in part the allegations in Paragraph 106. JCI admits that Ms. Stafford is a woman, but JCI lacks sufficient information to admit or deny the remaining allegations in Paragraph 106, and therefore denies the same.

107.    Denied.

108.    JCI lacks sufficient information to admit or deny the allegations in Paragraph 108 and therefore denies the same.

109.    Paragraph 109 contains legal assertions to which no response is required. To the extent a response is required, the allegations are denied.

110.    Paragraph 110 contains legal assertions to which no response is required. To the extent a response is required, the allegations are denied.

111.    Paragraph 111 contains legal assertions to which no response is required. To the extent a response is required, the allegations are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Because it wholly denies any wrongdoing, and with respect to the section of Plaintiff's Amended Complaint entitled "PRAYER FOR RELIEF," Defendant JCI denies that Plaintiff is entitled to any relief requested in subsections A-H or otherwise.

## ADDITIONAL DEFENSES

1.      Plaintiff has failed to state one or more claims upon which relief may be granted.

2.      JCI was not Ms. Stafford's employer within the meaning of Title VII of the Civil Rights Act of 1964.

3.      Because JCI was not Ms. Stafford's employer at any time, it cannot be held responsible or liable for any employment actions taken by her employer, Manpower.

4.      Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons.

5.      At all times, JCI's actions were lawful, justified, and made in good faith.

6.      JCI exercised reasonable care to prevent a hostile environment based on sex and promptly correct any discriminatory or harassing behavior (including having in place a clear and well-disseminated policy against discrimination, harassment, and retaliation, and a reasonable and available procedure for promptly and effectively handling such complaints). Ms. Stafford unreasonably failed to take advantage of these preventive or corrective opportunities provided by JCI or to avoid harm otherwise. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

7.      JCI has in place a clear, effective, and well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiff's claims are barred

because (1) JCI took reasonable steps to prevent and correct workplace discrimination; (2) Ms. Stafford unreasonably failed to use the preventive and corrective measures that JCI provided; and (3) reasonable use of JCI's procedures would have prevented at least some of the harm that Ms. Stafford allegedly suffered.

8.     To the extent Plaintiff complained adequately of allegedly unlawful harassing, discriminatory, or retaliatory actions, JCI undertook a prompt investigation and made appropriate remedial response.

9.     Without conceding that Ms. Stafford has suffered any damages as a result of any alleged wrongdoing by Defendant, Ms. Stafford has failed to mitigate her claimed damages. To the extent Ms. Stafford has mitigated her damages, JCI is entitled to offset those amounts she has earned.

10.     Defendant cannot be held vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

11.     Any imposition of punitive damages in this case would contravene JCI's constitutional right to substantive and procedural due process of law under the Fifth Amendment of the Constitution of the United States.

12.     JCI is entitled to recovery of its attorneys' fees (including any expert fees) pursuant to 42 U.S.C. § 2000e-5(k) and otherwise.

## <u>DEFENDANT JCI'S PRAYER FOR RELIEF</u>

Defendant JCI prays for the following relief:

a. Judgment and/or dismissal in JCI's favor and against Plaintiff on the claims asserted in the Amended Complaint;

b. Plaintiff take nothing by reason of the claims asserted in the Amended Complaint;

c. JCI be awarded its costs of defending this action, including reasonable attorney's fees; and

d. Any other and further relief be afforded to JCI that the Court deems just and proper.

Respectfully submitted,

/s/ *Andre' B. Caldwell*
Samuel R. Fulkerson, OBA #14370
Andre' B. Caldwell, OBA #22092
Collin N. McCarthy, OBA #33964
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
sam.fulkerson@ogletree.com
andre.caldwell@ogletree.com
collin.mccarthy@ogletree.com
The Heritage Building
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK 73102
Telephone:    (405) 546-3772
Facsimile:    (405)546-3775

**ATTORNEY FOR DEFENDANT,
JOHNSON CONTROLS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 2, 2020, a true and correct copy of the foregoing

was forwarded via ECF notification, to the following:

     Sharon Fast Gustafson
     James L. Lee
     Gwendolyn Young Reams
     Andrea G. Baran
     C. Felix Miller
     Lauren W. Johnston
     EQUAL EMPLOYMENT
     OPPORTUNITY COMMISSION
     Oklahoma City Area Office
     215 Dean A. McGee Ave., Ste. 524
     Oklahoma City, Oklahoma  73102
     ***Attorneys for Plaintiff***

                              */s/ Andre' B. Caldwell*
                              Andre' B. Caldwell

41231887.3