IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>1. JOHNSON CONTROLS, INC.<br><br>and<br><br>2. MANPOWERGROUP US, INC.,<br><br>Defendants. | CASE NO. CIV-19-904-F |

**DEFENDANT MANPOWERGROUP US INC.'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT**

Defendant ManpowerGroup US Inc.[1] ("ManpowerGroup") submits this as its answer to the Amended Complaint (Docket No. 17) filed by plaintiff, the Equal Employment Opportunity Commission's ("EEOC").

**NATURE OF ACTION**

1.  Plaintiff has included at the beginning of its Amended Complaint a lengthy, unnumbered statement, containing multiple factual allegations, arguments, and legal conclusions. ManpowerGroup believes such statement is inappropriate and not in compliance with the Federal Rules of Civil Procedure governing the presentation of factual allegations in an initial pleading. In an abundance of caution, however, ManpowerGroup hereby denies the unnumbered paragraph.

---

[1] Plaintiff has sued "ManpowerGroup US, Inc." This appears to be simply a misnaming of ManpowerGroup US Inc., on whose behalf we are appearing and responding. ManpowerGroup US Inc. notes that it was not Plaintiff's employer. Plaintiff was employed by ManpowerGroup US Inc.'s affiliate, Manpower US Inc.

1

## JURISDICTION AND VENUE

2. ManpowerGroup admits that Plaintiff purports to invoke the Court's jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. All other allegations in paragraph 1 are denied.

3. Paragraph 2 contains legal conclusions that require no response. To the extent a response is deemed required, ManpowerGroup denies the allegations in paragraph 2.

4. ManpowerGroup admits that venue is proper in this Court. All other allegations in paragraph 3 are denied.

## PARTIES

5. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, ManpowerGroup admits that the EEOC is an agency of the United States government responsible for administering claims of discrimination, harassment, and retaliation under certain federal statutes. ManpowerGroup further admits that the EEOC has been given authority to enforce certain federal statutes through civil proceedings once specific pre-filing conditions precedent have been satisfied. Further answering, ManpowerGroup states that this Court and other courts established under Article III of the United States Constitution are the bodies ultimately charged with interpretation of Title VII. All other allegations in paragraph 4 are denied.

6. Upon information and belief, ManpowerGroup admits the allegations in paragraph 5.

7. ManpowerGroup admits that it is a corporate entity formed pursuant to the laws of the State of Wisconsin and doing business in Norman, Oklahoma. All other allegations in paragraph 6 are denied.

8. ManpowerGroup admits the allegations in paragraph 7 as they relate to ManpowerGroup. To the extent paragraph 7 contains allegations regarding JCI, ManpowerGroup

lacks knowledge or information sufficient to form a belief regarding the truth of the averments in the paragraph and, therefore, denies those allegations.

9. Paragraph 8 contains legal conclusions that do not require a response. To the extent a response is deemed required, ManpowerGroup admits that, at all relevant times, it has been an employer engaged in industry affecting commerce. However, ManpowerGroup denies that it employed Ms. Stafford at all relevant times. Further, to the extent paragraph 8 contains allegations regarding JCI, ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 8 and, therefore, denies those allegations.

## ADMINISTRATIVE PROCEDURES

10. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 9 and, therefore, denies those allegations.

11. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 10 and, therefore, denies those allegations.

12. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 11 and, therefore, denies those allegations.

13. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 12 and, therefore, denies those allegations.

14. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 13 and, therefore, denies those allegations.

15. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 14 and, therefore, denies those allegations.

16. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 15 and, therefore, denies those allegations.

17. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 16 and, therefore, denies those allegations.

18. ManpowerGroup admits the allegations in paragraph 17.

19. ManpowerGroup admits the allegations in paragraph 18.

20. ManpowerGroup admits that Holly Waldron Cole (or someone else signing over her name) of the EEOC sent a Letter titled "Determination" and that the letter is signed next to the date June 28, 2019. ManpowerGroup further admits that the letter purports to set forth a finding of reasonable cause to believe that ManpowerGroup violated Title VII. ManpowerGroup denies that such reasonable cause exists or ever existed and denies all other allegations in paragraph 19.

21. ManpowerGroup admits that the June 28, 2019, letter contains a purported invitation "to join with [the EEOC] in reaching a just resolution of this matter." All other allegations in paragraph 20 are denied.

22. ManpowerGroup denies the allegations in paragraph 21.

23. ManpowerGroup admits that there was not a successful conciliation of Plaintiff's charge against ManpowerGroup. All other allegations in paragraph 22 are denied.

24. ManpowerGroup admits the allegations in paragraph 23.

25. ManpowerGroup denies the allegations in paragraph 24.

## STATEMENT OF FACTS

26. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 25 and, therefore, denies those allegations.

27. ManpowerGroup admits that it provides staffing services for JCI's Norman, Oklahoma, facility, and has done so since April 2018 pursuant to the terms of an agreement with JCI. ManpowerGroup further admits that there have been Manpower® associates who have become direct-hired employees of JCI. All other allegations in paragraph 26 are denied.

28. Paragraph 27 contains legal conclusions that do not require a response. To the extent a response is deemed required, ManpowerGroup denies the allegations in paragraph 27.

29. ManpowerGroup admits that JCI determines the work hours, daily schedules, production line assignments, and job duties of the Manpower® associates on assignment at JCI's Norman, Oklahoma, facility. All other allegations in paragraph 28 are denied.

30. ManpowerGroup admits the allegations in paragraph 29.

31. ManpowerGroup admits the allegations in paragraph 30.

32. ManpowerGroup denies the allegations in paragraph 31.

33. ManpowerGroup admits the allegations in paragraph 32.

34. ManpowerGroup admits the allegations in paragraph 33.

35. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 34 and, therefore, denies those allegations.

36. ManpowerGroup admits that Client Delivery Manager Ken McClurkin was the highest-ranking ManpowerGroup employee on-site at JCI's Norman, Oklahoma, facility. All other allegations in paragraph 35 are denied.

37. ManpowerGroup admits the allegations in paragraph 36.

38. ManpowerGroup admits the allegations in paragraph 37.

39. ManpowerGroup admits the allegations in paragraph 38, to the extent such problems are brought to ManpowerGroup's attention. All other allegations in paragraph 38 are denied.

40. ManpowerGroup admits the allegations in paragraph 39.

41. ManpowerGroup admits that Mr. McClurkin typically worked during the day shift and that Mr. McClurkin had little interaction with Ms. Stafford on a day-to-day basis. All other allegations in paragraph 40 are denied.

42. Upon information and belief, ManpowerGroup admits the allegations in paragraph 41.

43. Upon information and belief, ManpowerGroup admits the allegations in paragraph 42.

44. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 43 and, therefore, denies those allegations.

45. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 44 and, therefore, denies those allegations.

46. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 45 and, therefore, denies those allegations.

47. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 46 and, therefore, denies those allegations.

48. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 47 and, therefore, denies those allegations.

49. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 48 and, therefore, denies those allegations.

50. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 49 and, therefore, denies those allegations.

51. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 50 and, therefore, denies those allegations.

52. ManpowerGroup admits that Ms. Stafford spoke with Mr. McClurkin on June 7, 2018, and asked to be moved away from JCI employee, Mr. Keovixay. All other allegations in paragraph 51 are denied.

53. ManpowerGroup admits that Mr. McClurkin told Ms. Stafford that it would be necessary to get the approval of a JCI supervisor in order to have her move to another position on the line, and that Ms. Stafford said she would take her request to the appropriate JCI supervisor. ManpowerGroup denies that paragraph 52 is a complete or accurate account of Mr. McClurkin's statements during this exchange, and denies all other allegations in paragraph 52.

54. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 53 and, therefore, denies those allegations.

55. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 54 and, therefore, denies those allegations.

56. ManpowerGroup denies the allegations in paragraph 55.

57. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 56 and, therefore, denies those allegations.

58. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 57 and, therefore, denies those allegations.

59. Upon information and belief, ManpowerGroup admits that, after JCI separated Ms. Stafford and Mr. Keovixay and told Mr. Keovixay not to speak to Ms. Stafford and to focus on his work, there do not appear to have been any other issues between the two on June 7 or June 8, 2018.

60. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 59 and, therefore, denies those allegations.

61. ManpowerGroup denies the allegations in paragraph 60.

62. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 61 and, therefore, denies those allegations.

63. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 62 and, therefore, denies those allegations.

64. Upon information and belief, ManpowerGroup admits that, on June 9, 2018, JCI sent all three individuals – Ms. Stafford, Mr. Benford, and Mr. Keovixay – home. ManpowerGroup denies that JCI contacted Mr. McClurkin for approval before sending them home. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the remaining averments in paragraph 63 and, therefore, denies those allegations.

65. ManpowerGroup denies the allegations in paragraph 64.

66. Upon information and belief, ManpowerGroup admits that Ms. Stafford provided JCI a June 9, 2018, statement in which she included allegations similar to those set forth in paragraph 65. ManpowerGroup denies that Ms. Stafford had complained to Mr. McClurkin about Mr. Keovixay prior to June 7, 2018, and denies that Ms. Stafford ever told Mr. McClurkin the allegations contained in the June 9, 2018, written statement. All other allegations in paragraph 65 are denied.

67. Upon information and belief, ManpowerGroup admits that Ms. Kearns gathered written statements and conducted witness interviews with individuals who had not provided written statements. All other allegations in paragraph 66 are denied.

68. ManpowerGroup denies the allegations in paragraph 67.

69. Upon information and belief, ManpowerGroup admits that JCI terminated its employment relationship with Mr. Keovixay. ManpowerGroup lacks knowledge or information

sufficient to form a belief regarding the truth of the remaining averments in paragraph 68 and, therefore, denies those allegations.

70. ManpowerGroup admits that, at JCI's request, ManpowerGroup was required to end Ms. Stafford's assignment with JCI, due to violation of JCI's "zero-tolerance" violence policy. All other allegations in paragraph 69 are denied.

71. ManpowerGroup denies that paragraph 70 is a fair characterization of the agreement between ManpowerGroup and JCI and, therefore, denies the allegations in paragraph 70.

72. ManpowerGroup denies the allegations in paragraph 71.

73. ManpowerGroup denies the allegations in paragraph 72.

74. ManpowerGroup denies the allegations in paragraph 73.

75. ManpowerGroup denies the allegations in paragraph 74.

76. Paragraph 75 contains a legal conclusion that does not require a response. Further answering, ManpowerGroup notes that, as a JCI employee, Ms. Kearns cannot make admissions on ManpowerGroup's behalf. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the remaining averments in paragraph 75 and, therefore, denies those allegations.

77. ManpowerGroup admits that (a) Ms. Stafford last worked at JCI on June 9, 2018; (b) on June 15, 2018, Ms. Kearns and Mr. McClurkin called Ms. Stafford; (c) on that call, Ms. Kearns explained to Ms. Stafford the results of the investigation into the June 9, 2018, incident; and (d) Mr. McClurkin informed Ms. Stafford that she was released from her assignment at JCI but could still pursue other Manpower® assignments, encouraging her to contact the branch office (which she did). All other allegations in paragraph 76 are denied.

78. ManpowerGroup admits that JCI requested termination of Ms. Stafford's assignment due to violation of JCI's "zero-tolerance" violence policy. All other allegations in paragraph 77 are denied.

79. Paragraph 78 appears to be an inaccurate and misleading summary of information ManpowerGroup provided to the EEOC in its position statement and/or in its efforts to engage with the EEOC in a good-faith conciliation of Ms. Stafford's charge. In light of the confidential nature of such communications, it is inappropriate for the EEOC to have included them in the Amended Complaint, and further response should not be required.

80. ManpowerGroup denies the allegations in paragraph 79.[2]

81. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 80 and, therefore, denies those allegations.

82. ManpowerGroup admits that it paid Ms. Stafford only for the days she actually worked and did not pay Ms. Stafford for days after June 9, 2018.

83. ManpowerGroup admits that, after Ms. Stafford's assignment at JCI ended, ManpowerGroup worked with Ms. Stafford to find her another assignment and, since then, ManpowerGroup has placed Ms. Stafford with multiple companies on assignments. All other allegations in paragraph 82 are denied.

84. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 83 and, therefore, denies those allegations.

---

[2] Upon submitting its Amended Complaint, it appears Plaintiff failed to update the paragraph references in paragraph 79. Instead of referring to paragraphs 60 and 61, ManpowerGroup believes Plaintiff meant to refer to paragraphs 77 and 78. Either way, ManpowerGroup denies that it did or said anything as a pretext for unlawful discrimination or retaliation.

85. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 84 and, therefore, denies those allegations.

## STATEMENT OF CLAIMS

### COUNT I

### (Title VII – Alleged Sexual Harassment Claim Against ManpowerGroup)

86. ManpowerGroup admits that Plaintiff purports to assert a sexual harassment claim against ManpowerGroup only. All other allegations in paragraph 85 are denied.

87. ManpowerGroup incorporates its responses to paragraphs 1 through 86, as if fully stated here.

88. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 87 and, therefore, denies those allegations.

89. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 88 and, therefore, denies those allegations.

90. ManpowerGroup denies the allegations in paragraph 89.

91. ManpowerGroup denies the allegations in paragraph 90.

92. ManpowerGroup denies the allegations in paragraph 91.

93. ManpowerGroup denies the allegations in paragraph 92.

94. ManpowerGroup denies the allegations in paragraph 93.

95. ManpowerGroup denies the allegations in paragraph 94.

### COUNT II

### (Title VII – Alleged Retaliation Claim Against ManpowerGroup & JCI)

96. ManpowerGroup admits that Plaintiff purports to assert a retaliation claim against both defendants. All other allegations in paragraph 95 are denied.

97. ManpowerGroup incorporates its responses to paragraphs 1 through 96, as if fully stated here.

98. Paragraph 97 sets forth a legal conclusion that does not require a response. To the extent a response is deemed necessary, ManpowerGroup denies the allegations in paragraph 97.

99. Paragraph 98 contains legal conclusions that do not require a response. To the extent a response is deemed necessary, ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the remaining averments in paragraph 98 and, therefore, denies those allegations.

100. ManpowerGroup denies the allegations in paragraph 99.

101. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 100 and, therefore, denies those allegations.

102. ManpowerGroup denies the allegations in paragraph 101.

103. ManpowerGroup denies the allegations in paragraph 102.

104. ManpowerGroup denies the allegations in paragraph 103.

## COUNT III

**(Title VII – Alleged Sex Discrimination Claim Against JCI)**

105. ManpowerGroup admits that Plaintiff purports to assert a sex discrimination claim against JCI only. All other allegations in paragraph 104 are denied.

106. ManpowerGroup incorporates its responses to paragraphs 1 through 105, as if fully stated here.

107. ManpowerGroup admits that Ms. Stafford is a woman. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the remaining averments in paragraph 106 and, therefore, denies those allegations.

108. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 107 and, therefore, denies those allegations.

109. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 108 and, therefore, denies those allegations.

110. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 109 and, therefore, denies those allegations.

111. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 110 and, therefore, denies those allegations.

112. ManpowerGroup lacks knowledge or information sufficient to form a belief regarding the truth of the averments in paragraph 111 and, therefore, denies those allegations.

## PRAYER FOR RELIEF

In response to the Prayer for Relief section of Plaintiff's Amended Complaint, ManpowerGroup denies that Plaintiff is entitled to any of the remedies or relief Plaintiff requests.

Additionally, ManpowerGroup requests that the Court enter judgment in its favor as to Counts I and II of the Amended Complaint and award ManpowerGroup its costs and expenses in this action, including a reasonable sum for attorneys' fees.

## JURY TRIAL DEMAND

ManpowerGroup acknowledges that Plaintiff has requested a jury trial.

ManpowerGroup believes that Plaintiff's claims may be subject to dismissal on summary judgment or otherwise not be appropriate for trial. Nonetheless, ManpowerGroup hereby requests a jury trial with respect to all factual issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, having fully answered Plaintiff's First Amended Complaint as set out above, sets forth the following Defenses, including Affirmative Defenses:

1. Plaintiff's Amended Complaint fails to state a claim for which relief may be granted.

2. Any and all actions taken by ManpowerGroup with respect to the terms and conditions of Ms. Stafford's employment were based on legitimate, non-discriminatory, and non-retaliatory business reasons.

3. ManpowerGroup exercised reasonable care to prevent and correct alleged discriminatory or harassing behavior, including maintaining specific written policies and procedures, and Ms. Stafford unreasonably failed to utilize complaint procedures provided by ManpowerGroup. In the alternative, to the extent Ms. Stafford availed herself of such internal procedures for reporting and resolving such complaints, ManpowerGroup investigated and took any necessary remedial action promptly.

4. To the extent Plaintiff's claims against ManpowerGroup are based on ManpowerGroup's failure to prevent the termination of Ms. Stafford's assignment at JCI, ManpowerGroup did not decide the issue and did not have power to force JCI to allow Ms. Stafford to continue working in its premises. Moreover, any alleged failure by ManpowerGroup to attempt to persuade JCI to allow Ms. Stafford to continue working on JCI's premises were not the legal cause of any damages; any award based on the notion that such efforts would have resulted in Ms. Stafford's continuation on assignment at JCI is speculative and may not support a judgment against ManpowerGroup or an award of damages in this case.

5. To the extent that any protected category was a factor in the material employment decisions challenged by Plaintiff, the same employment actions would have been taken without any consideration of Ms. Stafford's protected category.

6. ManpowerGroup is not liable for acts, if any, by employees that were not authorized by ManpowerGroup, and those employees had no express or implied authority to engage in acts that were inconsistent with ManpowerGroup's rules or policies prohibiting conduct constituting unlawful discrimination and retaliation. Any improper acts, if any, by certain individuals employed or associated with ManpowerGroup were beyond the course and scope of employment, and ManpowerGroup is not responsible for those actions.

7. In the event Ms. Stafford is entitled to any recovery, ManpowerGroup is entitled to set-off in the amount that Ms. Stafford actually received, or in the exercise of reasonably diligence could have received, through alternative employment, during the period of time for which Ms. Stafford claims lost wages. ManpowerGroup denies any act or omission on its part or the part of any of its employees or agents that would justify any claim for exemplary damages or punitive damages. ManpowerGroup has not acted with malice, with willful disregard for or a reckless indifference to Ms. Stafford's rights, or engaged in any knowing conduct that may form the basis for exemplary or punitive damages. The conduct complained of by Plaintiff, if performed or carried out at all, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of the law, and therefore, Plaintiff is not entitled to punitive damages.

8. Plaintiff cannot recover punitive damages for any alleged discrimination and/or retaliation because any such alleged discriminatory and/or retaliatory conduct would be contrary to ManpowerGroup's good faith efforts to comply with anti-discrimination and anti-retaliation laws. ManpowerGroup is an equal opportunity employer that strictly prohibits discrimination or harassment of any kind.

9. Plaintiff's claims for compensation to, or reinstatement of, Ms. Stafford are limited or barred to the extent that discovery shows Ms. Stafford engaged in misconduct prior to, during, or in connection with her employment, that otherwise would have resulted in separation if such conduct were known to Defendants.

10. After Ms. Stafford filed a charge of discrimination against ManpowerGroup, the EEOC failed to engage in a reasonable investigation, failed to engage in a good-faith conciliation, and ultimately filed this action without reasonable grounds to assert its claims against ManpowerGroup.

11. ManpowerGroup specifically reserves the right to file such amended denials, answers, and defenses as may become appropriate.

WHEREFORE, ManpowerGroup respectfully requests that Plaintiff's claims be dismissed, that Plaintiff take nothing, and that ManpowerGroup be awarded its costs, fees, expenses, and all other legal and equitable relief to which it is entitled.

Dated:  January 16, 2020.	Respectfully Submitted,

*/s/ Jonathan G. Rector*
Jonathan G. Rector
OBA No. 30691
jrector@littler.com

LITTLER MENDELSON, P.C.
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Fax)

and

Jessica L. Craft
OBA No. 31126
jcraft@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX  77010
Telephone:  713.951.9400
Facsimile:  713.951.9212

**ATTORNEYS FOR DEFENDANT MANPOWERGROUP US INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of January, 2020, a true and correct copy of the foregoing document was served and filed using the Court's ECF system upon the following counsel of record:

Lauren W. Johnston
Equal Employment Opportunity Commission
215 Dean A. McGee Ave., Ste. 524
Oklahoma City, OK  73102

*/s/ Jonathan G. Rector*
Jonathan G. Rector