## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-19-904-F |
| JOHNSTON CONTROLS, INC., and<br>MANPOWERGROUP US, INC., | ) ) ) | |
| Defendants. | ) ) | |

## CONSENT DECREE

1.      On September 30, 2019, Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this action against Defendants Johnson Controls, Inc., ("JCI") and ManpowerGroup US, Inc., ("Manpower").  EEOC alleged that Manpower failed to take reasonable actions to protect Victoria Stafford from sexual harassment known to Manpower.  EEOC further alleged Manpower and JCI retaliated against Ms. Stafford for complaining about sexual harassment.  EEOC also alleged JCI discriminated against Ms. Stafford by terminating her for alleged conduct for which a male employee was not disciplined.  EEOC contends that the alleged actions violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). Defendants wholly deny the EEOC's and Ms. Stafford's allegations.

2.      The EEOC and Defendants have advised the Court that they wish to resolve the instant controversy without the further expense, delay, and burden of litigation, and jointly propose this Consent Decree to resolve all claims in this case.

3.      Accordingly, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit, and (iv) the terms of this decree constitute a fair, reasonable, and equitable settlement and are not contrary to law.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

**<u>INJUNCTIVE RELIEF</u>**

4.      Defendants are enjoined from: (i) discriminating against or harassing employees based on sex in any aspect of employment; (ii) engaging in or being a party to any action, policy, or practice that has the effect of harassing or intimidating any employee on the basis of sex; (iii) creating, facilitating, or permitting the existence of a work environment that is hostile to any employee based on sex, including offensive comments and/or conduct of a sexual nature; (iv) retaliating against any employee who files a sexual harassment complaint; and (v) discriminating against an employee based on his or her sex.

2

5.     Defendants are hereby prohibited from retaliating against any current or former employee or applicant because he or she opposed any practice made unlawful under Title VII, filed a charge of discrimination against Defendants, testified or participated in any manner in an investigation (including without limitation an internal investigation by Defendants), proceeding or hearing relating to any claim of sex discrimination, including sexual harassment, or seeks and/or receives any monetary or non-monetary relief under this Decree.

## **MONETARY RELIEF**

6.     Judgment is entered in favor of the Commission and against Defendants in the amount of $40,000. This amount represents back pay, compensatory, and punitive damages for Victoria Stafford.

7.     Within thirty (30) calendar days of the entry of this consent decree, Defendants will pay Stafford as follows:

a)     $10,000.00 will be considered backpay.  This amount will be reflected on an IRS from W-2 produced to Stafford by Manpower issuing such payment to Stafford.  Manpower will pay its share of the payroll taxes on this amount, including all FICA and FUTA taxes, and in accordance with Stafford's most recent IRS Form W-4 on file with Manpower.

b)     $30,000.00 will be considered compensatory and punitive damages and will be reflected on an IRS Form 1099 issued by the paying defendant(s) to Stafford.  No deductions from this amount will be made.

3

8.      Within five (5) business days of making the payments required by paragraph 7 above, the paying defendant will email a copy of each check, itemized statement, and any accompanying correspondence to the EEOC at EEOC-SLDO-decree-monitoring@eeoc.gov.

9.      The IRS W-2 forms and IRS 1099 form will be issued to Stafford by the applicable Defendant(s) no later than January 31, 2021.

10.     In the event of non-payment, it is acknowledged that the monetary relief set forth in this Decree is a debt owed to and collectible by the United States or its proxy, notwithstanding that Victoria Stafford is the ultimate beneficiary of this relief.

11.     Defendants will not condition the receipt of individual monetary relief to Victoria Stafford upon her agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge for future conduct with any federal or state anti-discrimination agency; (c) refrain from reapplying for employment with Defendants; (d) sign a non-disparagement agreement; (e) execute a general release of claims; or (f) any other terms or conditions not explicitly stated in this Decree.

## POLICIES, PRACTICES AND PROCEDURES

12.     The actions set forth below are applicable to individuals employed by either Defendant and who work at Defendant JCI's Norman, Oklahoma facility.

13.     Within thirty (30) days of entry of this Consent Decree, Defendants shall individually engage a qualified Outside Party ("Outside Party") to: (a) evaluate each

Defendant's existing harassment-prevention policies, practices, training, and procedures for responding to alleged workplace harassment of both permanent employees and temporary workers as set forth in this Decree; and (b) assist each Defendant with the training of the respective Defendant's employees working at Defendant JCI's Norman, Oklahoma location. Defendants shall be solely and wholly responsible for all costs associated with the Outside Party's services.

14.    Within forty-five (45) days of entry of this Consent Decree, each defendant shall modify its existing sexual harassment policy, if recommended by the Outside Party, which at a minimum shall do the following as set forth in subparts (a)-(m).  To the extent Defendants' policies, practices, training or procedures already comply with subsections (a)-(m), no modifications are required:

a.    Express a strong and clear commitment to a workplace free of sexual harassment and retaliation;

b.    Expressly prohibit any form of sexual harassment or hostile work environment based on sex;

c.    Clearly describe and provide examples of prohibited conduct, including but not limited to sexual conduct, sexual jokes, and unwelcome discussion of sexual topics;

d.    Encourage employees to report any conduct that they believe is harassing or creates a hostile work environment;

e.    State that employees are entitled to a workplace free from harassment by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers/guests;

f.    Identify multiple convenient, confidential, and reliable methods and avenues for reporting harassment, including but not limited to Defendant JCI's Human Resources Manager at the Norman, Oklahoma, location and/or Defendant Manpower's Client Delivery Manager at the same location, and the outside party described in Paragraph 13, with phone numbers and email addresses for each, and the ability to report either verbally or in writing.

g.    Require every manager or supervisor who receives a report – including anonymous reports – of prohibited conduct to promptly forward the report to each Defendant's Human Resources Manager, and in the case of complaints involving temporary workers, to the Human Resources Manager of the other Defendant, during the course of Defendants' Master Service Agreement.

h.    Encourage non-management employees to report any prohibited conduct in accordance with Defendants' policies;

i.    Assure employees that Defendants' management employees will maintain the confidentiality of all harassment complaints to the maximum extent possible;

j.    Set forth procedures for a prompt, thorough, and impartial investigation of every report of prohibited conduct, including: (i) a procedure for keeping the

complainant informed about the status and results of the investigation and any remedial action taken, (ii) processes for discreet investigations and interviews conducted in such a way as not to embarrass, intimidate, or harass alleged victims or witnesses, (iii) maintenance of written records of all investigatory steps, findings, conclusions, and remedial actions taken, if any, (iv) a procedure by which an employee who reports prohibited conduct may question the results of an investigation if they are dissatisfied with the results, (v) a procedure for coordinating with the other Defendant where allegations involve both permanent employees and temporary workers; (vi) requirement that complainant be interviewed in-person or by phone/video conference as part of the investigation, and (vii) either direct participation in the investigation, findings, and actions, or review of the investigation, findings, and actions, by the outside party described in Paragraph 13;

k.       Describe the potential discipline, up to and including termination, that Defendants impose on any employee who engages in prohibited conduct;

l.       Assure permanent employees and temporary workers that Defendants will hold accountable any person, including managers or supervisors, who engage in substantiated prohibited conduct or knowingly permit prohibited conduct to occur in Defendants' workplaces; and

m.       Assure permanent employees and temporary workers that Defendants will protect them from retaliation if they report prohibited conduct, provide information related such reports, or participate in an investigation of such reports.

7

15.    Within sixty (60) days of entry of this Consent Decree and annually during the term of the Decree for all existing employees, and within five (5) days of hire for all new permanent employees or temporary workers, Defendants will provide to their respective employees at JCI's Norman, Oklahoma, location a copy of any policies implemented in accordance with Paragraph 14.

16.    Within ninety (90) days of the entry of this Consent Decree, the outside party described in Paragraph 13 shall assess Defendants' workplace for the risk factors associated with sexual harassment as set forth in the EEOC's 2016 Sexual Harassment Task Force Report and provide Defendants with written recommendations for mitigating those risks.  To the extent Defendants have already conducted such an assessment, no further assessment will be required.

## TRAINING

17.    Defendants shall ensure all training of employees regarding sexual harassment and discrimination uses plain, simple language, avoiding legalese and provides clear, easy to understand instructions regarding how employees may report unwelcome conduct they have witnessed or experienced.

18.    Within one hundred twenty (120) days of entry of this Consent Decree and annually during the term of the Decree for all employees, and within five (5) days of hire for all new employees, Defendants shall require all employees at Defendant JCI's Norman, Oklahoma facility to participate in a minimum of one (1) hour of live and/or video training which:

a.      Includes clear and specific examples of inappropriate and prohibited harassing and sexually hostile conduct;

b.      Emphasizes Defendants' commitment to providing a workplace free from sexual harassment, sex discrimination, and retaliation;

c.      Informs employees that if they engage in any prohibited harassing conduct they will be subject to immediate discipline up to and including demotion and termination; and

d.      Provides employees with the names and contact information of the individuals to whom harassment may be reported.

19.     Any individual who is responsible for investigating violations of Defendants' sexual harassment policies, who has not received training as described in subparts (a)-(h) below within six (6) months prior to the entry of this Consent Decree, shall receive such training within the six (6) months following the entry of the Consent Decree.  The training must include the following:

a.      Defendants' legal obligation to prevent, investigate, and stop workplace sexual harassment;

b.      Factors to consider when determining whether to include a witness in the interview and selection of that witness;

c.      Best practices for obtaining information from a person who reports possible harassment, including how to conduct interviews in a way that encourages sharing of information, how to effectively use written questions, the use of translators

when needed, and how to provide appropriate support for the reporting individual during the investigative process;

d.    Best practices regarding how to treat the reporting individual and alleged harasser during the investigation, including but not limited to separate work areas, transfer, paid leave, suspension, etc., and protecting the reporting individual from retaliation;

e.    Best practices for determining the appropriate thoroughness of an investigation, including necessary witnesses and review of other appropriate evidence such as emails, text messages, voicemails, video footage, etc.; and

f.    Best practices for handling the conclusion of an investigation in a way that prevents future concerns regarding unlawful harassment, prevents retaliation, and informs the reporting individual of how he/she can report retaliation or future concerns.

## **RECORDS OF SEXUAL HARASSMENT COMPLAINTS**

20.    During the term of this Consent Decree, Defendants shall maintain all records related to reports of sexually harassing or other prohibited conduct, including information provided by the reporting employee or witnesses, interview notes and other documents related to Defendants' investigation of the complaint, reports or memoranda documenting the findings and conclusions of investigations, the actions taken, if any, as a result of the investigation, and, if the reporting individual is no longer employed by Defendants, the date and reason for the employee's separation from employment.

## NOTICE REQUIREMENT

21.      Defendants shall immediately post in the break room most commonly used by JCI production line employees, and cause to remain posted, the posters required to be displayed in the workplace by EEOC regulations, 29 C.F.R. §1601.30.

22.      Within thirty (30) days of entry of this Consent Decree, Defendant JCI shall conspicuously post the Notice to Employees ("Notice") attached hereto as Exhibit A.  The Notice shall be posted in two locations in Defendant JCI's facilities in areas where other employee notices are posted, including the break room most commonly used by permanent and temporary employees, and Defendants shall distribute copies to all employees at JCI's facility in Norman, Oklahoma. Should the Notice become defaced, marred or otherwise unreadable, Defendants shall post a new, legible copy of the Notice within five (5) business day of learning of the defacement.

## REPORTING, RECORD-KEEPING, AND MONITORING

23.      Within forty-five (45) days of completion of the requirements in paragraphs 18 and 19 above, Defendants will individually submit to the EEOC certification of compliance with those paragraphs, including copies of all related documents, including but not limited to attendance logs showing all individuals by name and job title who participated in group training, and identification and resume or curriculum vitae of the outside party retained in compliance with paragraph 13.

24.      Within ninety (90) days of entry of this Consent Decree, and every six (6) months for the duration of this Consent Decree, Defendants will provide EEOC with

the following information retained subject to paragraph 20: any reports of sexual harassment at JCI's Norman facility, results of any investigation of sexual harassment (i.e. substantiated or unsubstantiated), and if the reporting individual is no longer employed, the individual's last known address, telephone number, and the date and reason for the employee's separation

25.    At any time during the term of this Consent Decree, upon at least fourteen (14) days' notice, Defendant JCI shall allow representatives of the Equal Employment Opportunity Commission to inspect Defendant JCI's Norman, Oklahoma, facility, interview any of JCI's employees, and review files and copy documents required to be maintained by this Decree to ensure compliance with the Decree. At any time during the term of this Consent Decree, upon at least fourteen (14) days' notice, Defendant Manpower shall allow representatives of the Equal Employment Opportunity Commission to interview any of Manpower's employees, and review files and copy documents required to be maintained by this Decree to ensure compliance with the Decree.  Defendant JCI agrees to provide a private conference or similar room in which the Equal Employment Opportunity Commission may conduct interviews of Manpower employees at JCI's Norman, Oklahoma facility.

26.    All certifications, notices, reports and other materials required to be submitted to the EEOC under this Decree shall be emailed to EEOC-SLDO-decree-monitoring@eeoc.gov.

## MISCELLANEOUS PROVISIONS

27.    This Decree shall be in effect for a period of two (2) years and may be extended by petition to the Court. This Court shall retain jurisdiction over this matter for purposes of compliance and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities.

28.    The terms of this Decree shall be binding upon each Defendant's present and future owners, directors, members, officers, managers, agents, employees, successors and assigns.  For the duration of this Decree, each Defendant and any successor(s) shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it or any proposed successor, prior to any such acquisition, merger or succession.

**IT IS SO ORDERED** this 4th day of November, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13

**FOR PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION**

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*s/Andrea G. Baran*
ANDREA G. BARAN, MO Bar 46520
Regional Attorney

C. FELIX MILLER, MO Bar 28309
Supervisory Trial Attorney

LAUREN W. JOHNSTON, OK Bar 22341
Senior Trial Attorney
Equal Employment Opportunity
Commission
215 Dean A. McGee Ave., Ste. 524
Oklahoma City, OK 73102
Telephone: (405) 231-5829
Facsimile: (405) 231-4375


**FOR DEFENDANT
MANPOWERGROUP US, INC.**


Rebecca Cook, Senior Attorney


*s/Jonathan G. Rector*
Jonathan G. Rector
OBA No. 30691
*jrector@littler.com*
LITTLER MENDELSON, P.C.

14

2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100
214.880.0181 (Fax)
*Attorney for Defendant ManpowerGroup*
*US, Inc.*

**FOR DEFENDANT JOHNSON**
**CONTROLS, INC.**

_____
Christopher E. Osborne
Vice President and General Counsel
Global Products

*s/Andre' B. Caldwell*
Samuel R. Fulkerson, OBA #14370
Andre' B. Caldwell, OBA # 22092
Collin N. McCarthy, OBA #33964
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
*sam.fulkerson@ogletree.com*
*andre.caldwell@ogletree.com*
*collin.mccarthy@ogletree.com*
The Heritage Building
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK 73102
Telephone:    (405) 546-3772
Facsimile:    (405) 546-3775
*Attorneys for Defendant*
*Johnson Controls, Inc.*

19-0904p006.PO.docx

15

EXHIBIT A

## SEXUAL HARASSMENT IS PROHIBITED

This Notice is being posted as part of the remedy provided by the Consent Decree entered in the lawsuit *EEOC v. Johnson Controls, Inc. and ManpowerGroup US, Inc.* Civil Action No. 19-CIV-904-F (W.D. Okla.).

Federal law prohibits employers, including a supervisor, manager or coworker, from treating you differently or harassing you because of your sex.  Unlawful sexual harassment includes requests for sexual favors; lewd or offensive sexual jokes, comments and innuendo; and unwanted physical touching.  You are not required to tolerate such comments or conduct in the workplace.

**Any employee who engages in sex discrimination or harassment shall be subject to immediate discipline, up to and including termination.**

Johnson Controls, Inc., and ManpowerGroup US, Inc., do not tolerate retaliation against any employee or job applicant who reports or opposes any employment practice which he/she believes to be unlawful under federal or state law.

## YOU MAY REPORT HARASSMENT, DISCRIMINATION, OR RETALIATION TO:

**Johnson Controls, Inc. Ethics Hotline: 1-800-250-7830**

**Manpower Associate Human Resource Line: 1-800-416-9731**

**and/or**

**Lauren W. Johnston, Senior Trial Attorney, U.S. EEOC**
(202) 227-7712 or lauren.johnston@eeoc.gov

_____                _____
Date                                                                   Christopher E. Osborne
                                                                          JCI Vice President and General
                                                                          Counsel, Global Products

_____                _____
Date                                                                   Rebecca Cook
                                                                          Manpower Senior Attorney

16